IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTOPHER F. ALFRED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-07-950-C |
| | ) |
| JOHN WHETSEL, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**AMENDED REPORT AND RECOMMENDATION CONCERNING
SECOND MOTION FOR PRELIMINARY INJUNCTION**

In the second amended complaint, Mr. Christopher Alfred challenges extradition. In his second request for a preliminary injunction,[1] the Plaintiff seeks an order permitting access to the jail law library. The Court should deny the request because Mr. Alfred has not established a relationship between the need for an injunction and the conduct asserted in the second amended complaint.

A preliminary injunction grants intermediate relief of the same character as that which may be finally granted. *See De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945). When the movant seeks intermediate relief beyond the claims in the complaint, the court is powerless to enter a preliminary injunction.[2] "Thus, a party moving for a preliminary

---

[1] Mr. Alfred entitled his document: "Plaintiff's Motion Requesting that the U.S. District Court order that Plaintiff be allowed access to the law library of Oklahoma County Detention Center." Doc. 64. In effect, the document serves as a request for a preliminary injunction.

[2] *See Alabama v. United States Army Corps of Engineers*, 424 F.3d 1117, 1134 (11th Cir. 2005) ("injunctive relief must relate in some fashion to the relief requested in the complaint" (citation omitted)); *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997) ("a preliminary injunction may never issue to prevent an injury or harm which not even the

injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."[3]

The second amended complaint challenges the extradition, rather than a lack of library access at the Oklahoma County Detention Center. Thus, a preliminary injunction would be inappropriate to address the latter and the Court should deny the request for a preliminary injunction.

Mr. Alfred has the right to object to this report and recommendation. *See* 28 U.S.C. § 636(b)(1) (2000). Any objection must be filed with the Court Clerk for the United States District Court. *See Haney v. Addison*, 175 F.3d 1217, 1219-20 (10th Cir. 1999). The deadline for objection is February 6, 2008. *See* W.D. Okla. LCvR 72.1. The failure to timely object to this report and recommendation would waive Mr. Alfred's right to appellate review of the suggested ruling. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

The referral is not terminated.

---

moving party contends was caused by the wrong claimed in the underlying action"); *Stewart v. United States Immigration & Naturalization Service*, 762 F.2d 193, 198-99 (2d Cir. 1985) (holding that the district court lacked jurisdiction to issue a preliminary injunction because the movant had "present[ed] issues which [were] entirely different from those which [had been] alleged in his original complaint").

[3]  *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *see also Penn v. San Juan Hospital, Inc.*, 528 F.2d 1181, 1185 (10th Cir. 1975) (stating that one seeking a preliminary injunction must present "clear proof that he will probably prevail when the merits are tried, so to this extent there is a relation between temporary and permanent relief" (citations omitted)); *cf. Terry v. Jones*, 2007 WL 962916 (W.D. Okla. Mar. 30, 2007) (unpublished order) (denying a motion for a preliminary injunction on grounds that the petitioner had failed to establish a relationship between preliminary relief and the claims in the habeas petition).

Entered this 18th day of January, 2008.

_____
Robert E. Bacharach
United States Magistrate Judge