IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CHRISTOPHER F. ALFRED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. CIV-07-950-C |
| | ) | |
| JOHN WHETSEL, *et al.*, | ) | |
| | ) | |
| Defendants, | ) | |

ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff filed the present action pursuant to 42 U.S.C. § 1983, alleging Defendants had violated his Constitutional rights. Consistent with the provisions of 28 U.S.C. § 636(b)(1)(B), this matter was referred to United States Magistrate Judge Robert E. Bacharach. Judge Bacharach entered two Report and Recommendations ("R&R") on January 31, 2008, each recommending dismissal without prejudice. Plaintiff has timely objected to each R&R.

In the first R&R, Judge Bacharach evaluated Plaintiff's claims against the Georgia Defendants. Finding no basis on which the Court could exercise personal jurisdiction over the Georgia Defendants, Judge Bacharach recommended dismissal. In his objection, Plaintiff argues that he has offered facts demonstrating that the Georgia Defendants had sufficient contacts with Oklahoma during his extradition to warrant exercise of personal jurisdiction. To the contrary, as Judge Bacharach made clear, the acts of the Georgia Defendants were

confined to Georgia. There is no basis on which this Court can exercise personal jurisdiction over the Georgia Defendants. Accordingly, the proper course is dismissal without prejudice.

In the second R&R, Judge Bacharach recommends dismissal of Defendants Prater, Whetsel and Board of County Commissioners, finding Plaintiff has failed to identify a policy or custom that gave rise to his claimed Constitutional rights violation. Judge Bacharach noted that Plaintiff seeks to impose liability on the County based solely on its employment of certain wrongdoers. As Judge Bacharach correctly stated, § 1983 liability does not lie for such a claim. See Olsen v. Layton Hills Mall, 312 F.3d 1304, 1318 (10th Cir. 2002). Plaintiff does not dispute Judge Bacharach's reasoning but argues the Court should have modified his Second Amended Complaint and not dismissed his claim against Defendant Whetsel.[1] Plaintiff's request is without merit. While the Court must read Plaintiff's Second Amended Complaint liberally due to his pro se status, the Court cannot "assume the role of advocate for the pro se litigant." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Thus, if any amendment is to be made to the Second Amended Complaint, it must be done by Plaintiff.

Accordingly, the Court adopts, in its entirety, the Report and Recommendations of the Magistrate Judge (Dkt. Nos. 83 & 84), and for the reasons announced therein, DISMISSES

---

[1] Plaintiff states he has no objection to the dismissal of Defendants Prater and the Board of County Commissioners.

the Second Amended Complaint without prejudice.  A judgment will enter accordingly.

　　IT IS SO ORDERED this 21st day of February, 2008.

ROBIN J. CAUTHRON
United States District Judge